**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**NORMAN SONBERG,**

                           **Plaintiff,**

                -v-                                           **08-CV-0364Sr**

**NIAGARA COUNTY JAIL**
**MEDICAL DEPARTMENT HEAD, et al.,**

                           **Defendants.**

---

**DECISION AND ORDER**

On March 2, 2009, the Court directed that, in order to assist plaintiff in identifying various Niagara County Jail personnel he wished to name as defendants in this matter, plaintiff was to supply information to defendants' counsel which could assist Niagara County and its counsel with their attempts to identify what staff or personnel, other than the named defendants, plaintiff sought to name herein. (Docket No. 18). Plaintiff, pursuant to said Order, forwarded a letter to defendants' counsel, dated March 3, 2009, setting forth information in an attempt to identify a number of Jail staff or other personnel he presumably wished to sue in this matter. (Docket No. 19). Among the information plaintiff requested was the names of the "Charge Nurse(s)" at the Niagara County Jail responsible for medical care in the "SHU" area between March 14-19, 2008; the "Booking Officer" at the Jail who was working on "intake"on March 14, 2008; the "Ranking" Booking Officer "In Charge" on March 14, 2008; the "Escort Officer" who escorted plaintiff to the SHU Area on March 14, 2008; the "Receiving Officer" for the SHU Area on March 14, 2008; the "Ranking Officer "In Charge" of the SHU Area on

March 14, 2008; "all Officers and Ranking Officers of SHU Area on March 14th -19th First, Second and Third Shifts;" "Officer(s) in Charge of ... Jail Facility (Highest Ranking) in Charge, [First, Second and Third] Shifts o[n] March 14, 15, 16, 17, 18 and [First] Shift for March 19;" and "Commander in Chief of Entire Jail ... or Acting Commander in Chief (Sheriff) ... on March 14-19, 2008").[1] (Docket No. 19).

On May 1, 2009, plaintiff filed an amended complaint in which he named as defendants, Nurse Chris Aikin, whom he had initially identified in the complaint as "Head Nurse Chris;" the Niagara County Sheriff at the time of the events in question, "Beilein;" a physician whom he had named previously, "Dr. James Hohensse [sic];" and the "Niagara County Jail Medical Department Head." The amended complaint still refers to other unidentified defendants as "Niagara County Jail 'Officers'" and "Medical Dept.," whom presumably plaintiff is still unable to identify following the information received from counsel for defendants, Aikin and Hohnesse, and the County of Niagara in response to plaintiff's letter identifying the information he was seeking. (Docket No. 21, Amended Complaint).[2] A letter submitted with plaintiff's amended complaint notes that plaintiff received a response from "the defense" but it "gave [him] little in regards to what [he] asked for, [n]ames OK but other information was not available." (Docket No.

---

[1]The plaintiff has since identified this last individual as former Niagara County Sheriff Beilein. (Docket No. 21, Amended Complaint).

[2]Defendants Aikin and Hohensse have submitted answers to both the complaint and amended complaint. To date, it appears that Beilein has not been served and the Court suspects that it is because the U.S. Marshal Forms completed by plaintiff noted that the address for service was the Niagara County Sheriff's Department but the court is aware that Beilein is no longer the Sheriff of Niagara County but is now the Chairman of New York's Commission of Corrections. The court will therefore direct that the summons and amended complaint be served on Beilein at an address for the Commission of Corrections–80 Wolff Road, 4th Floor, Albany, New York 12205.

2

20). The response from counsel for defendants Aikin an Hohnesee, dated March 30, 2009 (Docket No. 20, Attachment),[3] noted that his clients were independent contractors and did not have access to the employee records which would be needed to provide a specific response to plaintiff's letter requesting the names of all the nurses plaintiff was interested in knowing but counsel did identify all the nurses whose names his client, Aikin, could recall. As to identifying the Jail personnel or staff plaintiff was seeking to identify, said counsel noted that such information would need to come from counsel for the County of Niagara.

Counsel for the County of Niagara, who has not appeared in this action formally, also responded to plaintiff's letter on April 10, 2009 (*see* n. 3, *supra*) and indicated that it appeared from plaintiff's letter that plaintiff was seeking the name of every single individual at the Niagara County Jail for every shift for each of the dates mentioned–March 14-19, 2008, and that without some more specificity the County could not assist plaintiff in identifying the names of the Jail personnel and staff he was seeking to name in this action. Counsel therefore requested that plaintiff describe, "at least in general terms," the nature of his grievances against Jail staff and the dates and times of the events in question, which would at least indicate the person or persons who would have been present at the Jail at the dates and times in question. Counsel's response also indicated that a County defendant had not been served with a complaint

---

[3] Both the letters from counsel, dated March 30 and April 10, 2009, were submitted to the undersigned and were also attached to plaintiff's letter to the Court (Docket No. 20), but were not "scanned" into the Clerk's Docket along with plaintiff's letter so as not to identify on PACER the names of all the nurses identified.

3

in this matter which might provide some further information as to the whom plaintiff was seeking to identify.

Plaintiff has recently submitted a letter dated July 16, 2009 (Docket No. 30), wherein he indicates that the attempt to serve Beilein was unsuccessful (see n.2, *supra*), and that he is having difficulty understanding the process of the Court and reminding the Court that his claims relate to the lack of proper medical care at the Niagara County Jail upon his initial "booking" there. He has also submitted two motions for the appointment of counsel and a letter, dated August 4, 2009, indicating the health and other problems he is experiencing at the Auburn Correctional Facility including what he believes is retaliation for this lawsuit and the withholding of his "legal property." (Docket No. 28).[4]

**Identification of "Other" Defendants**

The Court notes that it has already directed defendants' counsel and counsel for the County of Niagara to work with plaintiff about identifying the Niagara County Jail staff or personnel that plaintiff encountered at the Jail between March 14-19, 2008, at the time of his "booking" at the Jail and his detention within the SHU Area of the Jail and whom he seeks to name as defendants herein alleging claims of

---

[4] The Court notes that the amended complaint in this matter alleges only claims related to his detention at the Niagara County Jail and the lack of medical care or treatment he received at the Jail between March 14-19, 2009. Therefore, to the extent he alleges claims related to his current incarceration at the Auburn Correctional Facility, those claims are not before the Court in this action.

4

inadequate medical care or treatment and deliberate indifference in violation of the Fourteenth Amendment.[5]  *See Valentin v. Dinkins*, 121 F.3d 72, 75 (2d Cir. 1997).

As noted above, plaintiff previously submitted a letter to defendants' counsel wherein he attempted to identify what Jail personnel and staff he was seeking to names as defendants (Docket No. 19), and that, while plaintiff has noted that defendants' counsel submitted a response to his letter, the response was, according to plaintiff, not very "helpful" but was "OK" as to "[n]ames."  Despite this attempt to obtain assistance to identify certain defendants, plaintiff claims he is still unable to name certain defendants he seeks to sue herein--*e.g.*, "Niagara County Jail Officers" and "Medical Staff" (Amended Complaint).  The Court notes that the letter submitted to defendants' counsel, while not a model of clarity, did provide some specificity as to what the Court believes was sufficient information to at least identify some of the Jail personnel or staff (Officers/Sheriff's Deputies) that were on duty between March 14-19, 2008, when plaintiff was received (booked) at the Jail on March 14, 2008, and, specifically, those Officer(s)/Sheriff's Deputy(s) who (1) were responsible for intake on March 14, 2008; (2) was the "ranking officer" in charge of the Jail on March 14, 2008; (3) who escorted plaintiff to the SHU area on March 14, 2008; (4) who received him in the SHU area on March 14, 2008; (5) was the ranking officer in charge of the SHU area on March 14, 2008; and (6) was the highest ranking officer in charge of the Jail during

---

[5] Claims of inadequate medical treatment and deliberate indifference to a serious medical needs in the context of a pre-trial detainee are analyzed under the Fourteenth Amendment's Due Process Clause as opposed to the Cruel and Unusual Punishment Clause of the Eighth Amendment, but the test is the same as that under the Eighth Amendment.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000) (citing *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996).

5

the First, Second and Third Shifts on March 14-18, 2008, and the First Shift on March 19, 2008.

While, presumably, the Niagara County Jail's or Sheriff Department's logs or other employment records may not identify the Officers/Sheriff's Deputies by the title of "booking officer," "intake" or "escort officer," the Court assumes that the logs or other employee records do identify in some manner who were the Officers/Sheriff's Deputies on duty at the Jail on March 14, 2008, presumably when plaintiff was received at the Jail and taken to and housed in the SHU area, and those Officers/Sheriff's Deputies who worked the First, Second and Third Shifts while plaintiff was housed in the SHU area between March 14-18, 2008 and the First Shift in the SHU area on March 19, 2008. It may be that the only information the Sheriff's Department has are the names of the Officers/Sheriff's Deputies on duty on March 14-19, 2008, and if that is all the information Niagara County has with respect to whom the Officers/Deputy Sheriffs on duty those five days were they should be submitted to plaintiff who can review the information and either identify those individuals he seeks to name herein, or, at the least, use said information to prepare and serve discovery requests (*e.g.*, interrogatories or document requests) on defendants' counsel which could assist him in identifying the names of the specific Officers/Sheriff's Deputies who he encountered on March 14-19, 2008.

Accordingly, counsel for the County of Niagara is hereby directed, pursuant to *Valentin*, 121 F.3d at 75, to further attempt, as best he can, to ascertain the

identities of the individuals set forth in plaintiff's letter, dated March 3, 2009, the amended complaint and this Order. To the extent said counsel, after conferring with the Niagara County Sheriff's Department cannot identify in any manner the names of the Officers/Sheriff's Deputies whom plaintiff is seeking to identify herein, he shall so notify the Court.

As to the names of any additional nurses plaintiff seeks to name as defendants herein, counsel for defendants Aikin and Hohnesee responded with what he believed were the names of all the nurses (both registered and licensed practical nurses) whom Aikin could recall were working at the Jail on March 14-19, 2008. It will thus be incumbent on plaintiff to determine through discovery (*e.g.*, interrogatories, document requests) of defendants the names of any additional nurse or nurses he seeks to sue.

Once plaintiff receives additional information from counsel for the County of Niagara or can identify the names of any of the Officers/Sheriff's Deputies or Nurses, he shall move to file and serve an amended complaint in which he names said defendants and sets forth facts sufficient to allege an actionable claim against them.

**Appointment of Counsel**

Plaintiff has submitted two additional letters/motions for the appointment of counsel in this matter. (Docket Nos. 27 and 29). While the Court understands that plaintiff has been having some difficulty in identifying the names of some of the defendants and serving one of the defendants in this matter (Beilein), and that prosecuting this matter has been difficult for him in general, the Court finds no basis at this time to appoint counsel. See *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986). The Court cannot find, among other things, at this time that plaintiff's claims are "likely to be of substance," that "the legal issues involved are complex; and that "there are any special reasons why appointment of counsel would be more likely to lead to a just determination." *Hendricks*, 114 F.3d at 392. There is no doubt that the appointment of counsel would certainly aid plaintiff in this matter, but that is not the standard for the appointment of counsel. *See Hendricks*, 114 F.3d at 392. If the standard was simply that a plaintiff was having difficulty acting *pro se*, the appointment of counsel would be granted in nearly all cases. That simply is not the standard the Court must apply. If the time comes when the Court finds that the appointment of counsel is warranted herein under the standards articulated in *Hendricks* and other cases, it will appoint counsel.

IT IS HEREBY ORDERED that the Clerk of the Court is directed to cause the United States Marshals Service to serve Thomas Beilein, former Sheriff of Niagara County, at the New York Commission of Corrections, 80 Wolff Road, 4th Floor, Albany,

New York 12205.  The Clerk of the Court is also directed to prepare and issue the summons and Marshal Forms for service upon Beilein.

FURTHER, counsel for the County of Niagara is again requested, as set forth above, to provide to plaintiff and the Court, no later than **October 6, 2009**, whatever information the County has in its possession to assist plaintiff and the Court in identifying the names of the additional Officers/Sheriff's Deputies plaintiff seeks to name as defendants in this matter.  The Clerk of the Court is directed to forward copies of this Order and the amended complaint to counsel for the County of Niagara, William A. Long, Jr., 70 Niagara Square, 1st Floor, Buffalo, New York 14202.

**SO ORDERED.**

Dated:    Buffalo, New York
          September 3, 2009

                                        **s/ H. Kenneth Schroeder, Jr.**
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**