**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**NORMAN SONBERG,**

                **Plaintiff,**

       **-v-**                                                  **08-CV-0364S(Sr)**

**NIAGARA COUNTY JAIL**
**MEDICAL DEPARTMENT HEAD, et al.,**

                **Defendants.**

---

## DECISION AND ORDER

        Plaintiff, Norman Sonberg, proceeding *pro se*, has filed another motion for the appointment of counsel. Dkt. #32. The Court has previously denied at least three motions for the appointment of counsel (Dkt. ## 6, 27 and 29); the latest ones being denied less than a few weeks ago on September 4, 2009. Dkt. ##8 and 31. Unlike plaintiff's earlier motions, the instant motion attaches a letter from an attorney that plaintiff contacted in attempt to find representation in this matter. Dkt. #32. The letter, in pertinent part, states, "[u]nfortunately, our firm only takes cases such as yours if they have been assigned to our firm by a judge. Absent such an assignment we cannot take representation on your matter. If a judge appoints us to the case I would be delighted to assist you." *Id*. The plaintiff interprets this letter as, in effect, an agreement by the attorney to represent him if the Court appoints him. While the letter from said counsel can certainly be interpreted in that manner, the Court must nonetheless find, in its discretion, that the appointment of counsel is indeed warranted under the standards articulated in cases such as *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997)

and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).  As this Court recently found, the appointment of counsel in this matter, *pro bono*, under 28 U.S.C. § 1915(e) and the cases cited above is not warranted at this time.  See Dkt. #31.

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989)  See Rule 83.1(g) of the Local Rules of Civil Procedure for the United States District Court, Western District of New York (attorneys admitted to practice in this Court shall be available upon the request of the Court to represent indigent parties).  The Court finds plaintiff's attempts to locate counsel on his own laudable but, at this time, his motion to appoint counsel is again denied without prejudice.

**SO ORDERED**.

Dated:	Buffalo, New York
	September 22, 2009

s/ H. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**
