UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NORMAN SONBERG,

        **Plaintiff,**

        -v-                                  08-CV-0364S(Sr)

**NIAGARA COUNTY JAIL**
**MEDICAL DEPARTMENT HEAD, et al.,**

        **Defendants.**

---

## DECISION AND ORDER

Plaintiff, Norman Sonberg, proceeding *pro se*, has filed another motion for the appointment of counsel. Dkt. #69. The Court has previously denied at least four motions for the appointment of counsel (Dkt. ## 6, 27, 29 and 32). *See* Dkt. ##8, 31 and 33.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1.    Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

> 3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
> 4. Whether the legal issues involved are complex; and
>
> 5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co. Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

In his Second Amended Complaint, plaintiff alleges that while housed in the Niagara County Jail, defendants, the Niagara County Jail, the Niagara County Jail Medical Department and the individual defendants, were deliberately indifferent to his serious medical and psychological needs. Dkt. #52. In support of his most recent

motion to appoint counsel, plaintiff claims that his imprisonment has greatly limited his ability to litigate this case. Dkt. #69, ¶ 2. Moreover, plaintiff claims that his medical and psychological conditions have continued to deteriorate. *Id*. In addition, plaintiff states that the issues in this case are complex and that a lawyer would help him to apply the law properly "in briefs and before the Court." *Id*. at ¶ 5. Plaintiff further claims that a trial of this matter would likely involve conflicting testimony and that a lawyer would assist him in the presentation of evidence and the cross-examination of opposing witnesses. *Id*. at ¶ 6. The Court has once again reviewed the facts presented herein in light of the factors required by law. The Court notes that just before the March 30, 2010 Status Conference, the Court had received plaintiff's most recent motion for appointment of counsel (Dkt. #69). During that lengthy Status Conference with the parties, the Court had ample opportunity to assess firsthand the plaintiff's ability to articulate his position to the Court. The Court further notes that this matter is still in its infancy insofar as the original Case Management Order was amended following the Status Conference and the discovery deadline is now, October 22, 2010 and the deadline to file dispositive motions is now December 17, 2010.

A review of the instant motion reveals that plaintiff has not established that the appointment of counsel is warranted at this time under the factors set forth above. Indeed, plaintiff's complaint, together with all of the filings made with the Court and the recent proceedings held before this Court demonstrate that plaintiff has more than capably articulated his legal theories to the Court. Moreover, following the March 30, 2010 Status Conference, the Court determined that the plaintiff was articulate

during the discussions and further, there is nothing in the record before this Court to allow this Court to conclude that the factual and legal issues presented in this matter are complex and that plaintiff is unable to represent himself.

Accordingly, plaintiff's motion for appointment of counsel (Dkt. #69), is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**SO ORDERED.**

DATED:    Buffalo, New York
April 29, 2010

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**