UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NORMAN SONBERG,

              Plaintiff,

      -v-                                                                            08-CV-0364S(Sr)

NIAGARA COUNTY JAIL
MEDICAL DEPARTMENT HEAD, et al.,

              Defendants.

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #15.

Plaintiff filed this *pro se* action on or about May 19, 2008 seeking relief pursuant to 42 U.S.C. § 1983. Dkt. #1. Since that time, plaintiff has filed an Amended Complaint (Dkt. #21) and a Second Amended Complaint (Dkt. #52). Simply stated, in his Second Amended Complaint, plaintiff alleges that while housed in the Niagara County Jail, defendants, the Niagara County Jail, the Niagara County Jail Medical Department and the individual defendants, were deliberately indifferent to his serious medical and psychological needs. Dkt. #52. Presently pending before this Court is a motion by defendants James Hohensee, M.D. and Christopher M. Aikin, N.P. to preclude plaintiff from offering proof at trial as to "any matters contained in defendants' unanswered or incompletely answered interrogatories, unanswered document demands or from presenting any medical proof on the issue of liability or damages." Dkt. #48.

Alternatively, defendants seek an Order compelling plaintiff to answer unanswered or incompletely answered demands (document demands and interrogatories) and to provide properly executed medical authorizations. *Id*. As a threshold matter, the Court notes that by letter to the Court dated May 4, 2010, counsel for defendants Hohensee and Aikin advised the Court that the issues concerning the medical authorizations and the interrogatories have been resolved. Accordingly, this Court will only address the relief requested by defendants insofar as it relates to defendants' Rule 34 Document Demands.

## **FACTS**[1]

On or about March 14, 2008, plaintiff was sentenced to a term of imprisonment in the New York State Department of Correctional Services and was transferred to the Niagara County Jail. Dkt. #52, p.9, ¶¶ 1-2. Plaintiff alleges that prior to being incarcerated at the Niagara County Jail and while awaiting trial "as a pre-trial detainee," he was receiving treatment for "serious medical and mental health conditions." *Id*. at p.9, ¶ 3. As plaintiff was being processed at the Niagara County Jail, he alleges that he was assured that his medical records would be hand delivered to the Niagara County Jail Medical Department. *Id*. at p.10, ¶ 5. After plaintiff was processed, he alleges that he requested to see the nurse on duty and further, plaintiff alleges that he advised the staff at the Niagara County Jail that he had not taken his medication

---

[1] The facts set forth herein are taken from plaintiff's Second Amended Complaint. Dkt. #52.

since March 13, 2008 because he had court. *Id*. at p.13, ¶ 5. Moreover, plaintiff alleges that he complained that he was in severe pain. *Id*.

Plaintiff alleges that he continued his requests for medical attention and to receive his medication the following day. *Id*. at pp.15-17. Mentioned throughout plaintiff's Second Amended Complaint are vague references to plaintiff's "serious medical and mental health conditions" and the medications he claimed to be taking, including, morphine, an anti-depressant, an inhaler, and heart medication. *Id*. at pp.16.-17. Plaintiff alleges that on March 16, 2008, after not receiving any medical attention or his medication for over two days, he asked to be taken to the emergency room because he was suffering from severe chest pains. *Id*. at p.17. Thereafter, plaintiff alleges that he was advised that he would see the doctor on March 18, 2008. *Id*. at p.18. It appears from the allegations in plaintiff's complaint that some time between March 18, 2008 and March 19, 2008, plaintiff attempted to commit suicide and was found with his shoelaces around his neck. *Id*. at p.19.

Elsewhere in his Second Amended Complaint, plaintiff discusses some of his medical conditions and the treatment he had received at the "Veterans Administration Hospital [sic]." Dkt. #52, p.27. Specifically, plaintiff states that he was being treated for Hepatitis C, a heart attack, high blood pressure, depression, pulmonary disease and hypertension. *Id*. Moreover, plaintiff alleges,

> [a]s a direct results [sic] of defendants [sic] deprivations, this
> plaintiff [sic] condition has worsen [sic], that he needs a liver

> transplant, his health has become so unpredictable, hospitalized in (4) different correctional facilities, that he is in constant pain and nearly bed-ridden, who must use a cane to get around.

*Id*. With respect to defendant Hohensee, plaintiff claims that Dr. Hohensee was his "family doctor" who had treated plaintiff during a prior period of incarceration at the Niagara County Jail. *Id*. at pp.22 and 28.

> As against defendant Hohensee, plaintiff alleges,
>
> Defendant, Dr. James Hohensee, M.D. deliberate [sic], with gross indifference, action [sic] in consert [sic] with others, denied plaintiff medical care and treatment for known life-threatening diseases/illnesses in violation of a clearly established law, rule, statue [sic], and code, acting in bad faith.

*Id*. at p.28. As against defendant Aikin, plaintiff alleges,

> Defendant, Chris Aikin, Supervisor of Medical Department Niagara County Jail, failed to follow intake medical procedures that included screening new [sic] admitted immates [sic] for medical problems and provide medical treatment in accordance with state and Federal laws clearly established at the trial, acting in bad faith.

*Id*. at p.29.

## **PROCEDURAL BACKGROUND**

On or about July 2, 2009, defendants Hohensee and Aikin served Rule 34 Document Demands (Dkt. #23) and Interrogatories (Dkt. #24) on plaintiff. On or about September 22, 2009, plaintiff filed his response to defendants' Rule 34 Document

Demands and Interrogatories. Dkt. #34. In their Rule 34 Document Demands, defendants seek the following nine categories of documents:

> 1. "each and every grievance form filed at the Niagara County Jail from 2007 to present, along with any facility responses and/or appeals and responses thereto."
>
> 2. "any and all request forms filed at the Niagara County Jail from 2007 to present, including any requests for medical treatment."
>
> 3. "any and all prescriptions filled by the plaintiff prior to entering the Niagara County Jail in the six months prior to February 2007."
>
> 4. "any and all prescriptions filled by the plaintiff prior to entering the Niagara County Jail in the six months prior to March 2008."
>
> 5. "any records related to plaintiff's treatment at the Veteran's Administration [sic]."
>
> 6. "any records in plaintiff's possession related to plaintiff's psychiatric treatment following his suicide attempt on March 19, 2008."
>
> 7. "any records regarding treatment plaintiff has received following his release from the Niagara County Jail in 2008."
>
> 8. "any records related to plaintiff's claimed employment by the United States government, its agencies, divisions or departments."
>
> 9. "any records related to plaintiff's claim that the nursing staff 'bailed out' plaintiff from the jail."

Dkt. #23. Plaintiff responded to defendants' Rule 34 Document Demands as follows:

> 1. "Over broad, be spacific [sic], refer to A, page 2."
>
> 2. "Over broad, be spacific [sic] refer to A, page 2."
>
> 3. "All prescriptions, filled at, Veteran's Hospital [sic], 3495 Bailey Avenue, Buffalo, N.Y."

    4. "All prescriptions, filled at, Veteran's Hospital [sic], 3495 Bailey Avenue, Buffalo, N.Y."

    5. "Over Broad, be spacific [sic], some date's [sic] could be helpfull [sic], also some are court sealed, (ongoing), send blank release will forward. Limited to extent."

    6. "Object, strike, irrelevant."

    7. "Niagara Falls Memorial Medical Center, December 31st 2007, (some are court sealed, 'refer to other') need blank release, I will fill out and retrun [sic], 'forward.' V.A. Hospital January 1st to March 2008, Lockport Hospital, March 19, 2008, Approximate dates."

    8. "Object, strike, irrelevant."

    9. "Clarification, not jail staff, nurses."

    A. Most if not all of #1 and #2 should be in medical releases, signed by me, for you, [sic]. Me [sic] having any in regards to March 14 threw [sic] the 19th or beyond threw [sic] transfer to Wende Corr Fac, 2008 are not available, because of being in (SHU) at the time of March 14th - 19th were all verbal communications, and for the time of incarceration from Feb 2007 threw [sic] Dec 31st 1007 sould [sic] be in medical records, along with all medication(s) List, Test, Note's [sic], etc. I hope this will help you., [sic] And once again please refer to #1 and #2 answers.

Dkt. #34, pp.5-6. Notwithstanding the fact that plaintiff attempted to respond to defendants' Rule 34 Document Demands by, in certain instances, telling defendants where they could obtain certain documents, defendants complain that "plaintiff has failed to provide defendants with even a single document." Dkt. #48, p.5.

On or about September 25, 2009, counsel for defendants Hohensee and Aikin wrote to plaintiff concerning his responses to defendants' document demands. Dkt. #48-11. Preliminarily, counsel for defendants notes that plaintiff "failed to provide

even a single document in response to any of my demands." *Id*. at p.1.  With respect to plaintiff's response to defendants' document demands 1 and 2, defendants' counsel states,

> I must respectfully disagree with your position that my demand for grievance slips which you filled out during your incarceration at the Niagara County Jail is somehow overbroad (Demand #1). The demand is limited in time, and is limited to documents that you should have in your possession, as inmates who file grievances are provided with a carbon copy.  If you have no documents of [sic] responsive to this demand, I would appreciate your response to indicate that.  With respect to my request for copies of any request/complaint forms you filed at the Niagara County Jail (Demand #2), those same points would apply.
>
> With respect to your comment that these documents are contained within your medical records, from past experience in handling these types of litigation, I can say that is not the case.  Your grievance file is maintained by the Niagara County Jail, and other than that entity, you are the only other person who might have copies of those documents.

*Id*.  With respect to document demands 3, 4 and 5, relating to prescriptions and medical treatment provided to the plaintiff by the "Veterans Administration [sic]," defendants' counsel reiterates his request for a complete copy of any records, or in the alternative, a fully executed medical authorization.  *Id*.

With respect to document demands 6 and 7, in his September 25, 2009 letter, counsel for defendants Hohensee and Aikin states in part, "I request either the records related to your medical and psychiatric treatment, or an authorization to obtain same.  You have provided no basis upon which this request is either irrelevant or improper, and in fact you have placed both your medical and psychiatric condition at

issue by commencing this lawsuit." *Id*. at p.2. Insofar as this Court understands that the requested medical authorizations have been provided, this request is now moot. In his September 25, 2009 letter, counsel for the defendants includes reference to document demand 8, which seeks "any records related to plaintiff's claimed employment by the United States government, its agencies, divisions or departments," in his discussion of the plaintiff's medical and psychiatric treatment. As will be discussed below, documents relating to plaintiff's criminal record have already been disclosed and it is this Court's opinion that records concerning any "employment" or cooperation by the plaintiff with the United States government is not relevant to the underlying claims. Finally, defendants' counsel does not address document demand 9 in his September 25, 2009 letter. *Id*.

On or about October 19, 2009, plaintiff supplied a supplemental response to defendants' document demands. Dkt. #37. In further response to document demands 1 and 2, plaintiff states "when I have retrieve, I will forward, 1st attempt 6/26/08 9:10a.m." *Id*. With respect to document demands 3, 4 and 5, plaintiff responds "V.A. Hospital, *signed release." *Id*. In further response to document demand 6 which seeks "any records in plaintiff's possession related to plaintiff's psychiatric treatment following his suicide attempt on March 19, 2008," plaintiff states, "Niagara County Jail, -n- New York State Corrections, Niagara County Jail, Wende, Elmira, Downstate, Midstate and Auburn. I do not know if [sic] was [sic] suicide attempt on March 19th 2008." Dkt. #37. Finally, in further response to document demand 7 which seeks "any records regarding treatment plaintiff has received following his release from the Niagara

County Jail in 2008," plaintiff adds, "Niagara Falls Memorial Medical Center, V.A. Hospital, Lockport Hospital * sign release."  Dkt. #37.

On or about January 21, 2010, defendants Hohensee and Aikin filed their motion to compel. Dkt. #48.  Thereafter, on or about February 2, 2010, plaintiff filed a response to defendants' Motion wherein he stated with respect to defendants' document demands,

> In regards to grievances (exhaustion) I have made attempts to exhaust, but [sic] "unsuccessful" in my attempts, by regular mail and by certitified [sic] mail.  In "2007" I was medically and mentally treated by Niagara County Jail Medical Dept, et al. By Doctor Hohensee, Mr. Aikin, and Nurseing [sic] Staff. In 2008 I had verible [sic] pleas with Medical Staff and officers and being in Medical Dept, you would beleave [sic] you would be taken care of medically and mentally and being right there you would thank [sic] the facility (NCJ, -n- NCJ MD) would have done what was to be done medically and mentally knowing my condition and with the updated records from V.A. Hosp upon arrival to Niagara County Jail.  I never had the chance to grieve because I had no writing nessessities [sic] and if I had I, had known at the time that it was necessary to predict the future, or if you just have trust in people knowing your life is safe in there [sic] hands, my life was "not" and I now know this. I was always told that Doctor's [sic] nurses always save lives.  I trusted them they took care of me 11 months earlier.  I just can't understand there [sic] not treating me.  please I get to [sic] emotional even thinking about this matter.  Also I enclosed a letter from State Commissions of Corrections dated Nov. 5th 2009, self explains [sic].  To my beleif [sic] there is no one else to go to to get a answer besides the letter states something to the effect of file in 5 days.  I truely [sic] did not know about the exhausting conditions so I did file late grevienences [sic] to show that when I did learn I did try to file but without success.

Dkt. #53. On or about March 5, 2010, plaintiff filed a document entitled "Plaintiffs Exhausted Remedies," wherein he states in part,

> Plaintiff has exhausted all available remedies, on June 26th 2008, Niagara County Jail/Niagara County Jail Medical Department had failed to respond to plaintiff's grievances and again failed to respond on Step [sic] 30th 2009. New York State Commissions of Corrections did respond to plaintiff with a Letter dated Nov. 5th 2009 "denying" plaintiff that there was nothing they could do. "Note" Former Sheriff of Niagara County Jail Thomas Beilein and Thomas Beilein now chairperson (cheif [sic]) of New York State Health Commission [sic] of Corrections (Answered) his office.
>
> Plaintiff had no choice but to file late grievances do [sic] to his medical and psychological conditions and being hospitalized and incapacitated. Plaintiff had learned he had to exhaust grievance remdies [sic] threw [sic] literature stating all inmates/prisoners had to exhaust all available remedies, Plaintiff had not received any type of response to his atteps [sic] to exhaust his grievances, because Niagara County Jail, Niagara County Medical Department once again fail to follow procedure intentionally plaintiff believe's [sic], Niagara County Jail/Niagara County Jail Medical Department grievance mailed to "sheriff" Voutour Niagara County Jails new elected sheriff by "certified mail to "sheriff Voutour" himself to make sure grievances #1 and #2 would make it to the proper commitee [sic] of person/persons the only response was my certified signed receipt knowing Niagara County Jail Sheriff did receive it, but still did in fact not respond to grievances, at that time plaintiff did not know or any knowledge of any other steps/procedure to follow. Plaintiff then sent the grievances to New York State Health Commissions of Corrections "denying plaintiff," that they could do nothing, letter from plaintiff Oct. 8th 2009, New York State Health Commissions of Corrections Letter dated Nov. 5th 2009 (denying plaintiff) Plaintiff at [sic] time was is [sic] "without any type of procedure to follow to exhaust Plaintiffs [sic] exhaustion remedies, Plaintiff does believe he had done all he can and could do in regards to exhausting remedies.

Dkt. #61. In addition to the foregoing factual explanation, plaintiff also cites to several cases concerning his attempts to exhaust his administrative remedies. *Id*.

On March 30, 2010, the Court conducted a lengthy status conference with plaintiff and counsel for the defendants. During this conference, the outstanding motions to compel and other discovery-related issues were discussed.

On April 30, 2010, this Court issued the following Text Order concerning Docket Number 48 (Motion to Compel filed by Chris Aikin, James Hohensse). "In light of recent filings by plaintiff which purport to be responses to discovery demands propounded by defendants, counsel for defendants are hereby directed to notify the Court, in writing, by May 14, 2010, as to whether there remain outstanding discovery disputes as set forth in the Motion to Compel 48 or whether the Motion to Compel 48 is now moot. SO ORDERED." Dkt. #83. In response, counsel for defendants Hohensee and Aikin submitted a letter to the undersigned stating with respect to the outstanding document demands,

> As to the defendants' demands for documents, plaintiff has yet to provide a single document to the defendants outside of the items that the plaintiff recently sent to the Court. . . . With respect to the demand for documents, we would like either copies of the documents which have been requested, or an affirmative statement from plaintiff stating that he has no documents responsive to those demands. While plaintiff has been kind enough to provide authorizations which might enable defendants to obtain documents that might be responsive to some of these demands (#3, 4, 5, 6 and 7), we would still like to obtain copies of any records or documents plaintiff has obtained through his own efforts which are responsive to our demands.

May 4, 2010 Letter from Joel J. Java, Jr., Esq.

In his response to the May 4, 2010 letter from defendants' counsel, plaintiff states, in pertinent part,

> Plaintiffs [sic], response to Document Demand #1, to Plaintiffs [sic] recollection there are no grievances, but there are some Documents, and not in his possession at Auburn Correctional Facility, had attempted [sic].
>
> Plaintiffs [sic] also his response to Document Demand #2 to his recollection of documents refer to No #1 Demand, he says there are documents but has to sort out, but are volumous [sic] hand written notes pertaining to Medical Department . . .
>
> Plaintiff also says on January 7, 2010, documents arrived, unknown what documents were here on 1/7/10, because they were returned to sender for unknown reason to him that same day, but were aproved [sic] by superintendent letter dated 1/8/10 and again letter dated 1/11/10 by superintendent, but when plaintiff attemped [sic] to get them all documents were gone from Auburn Correctional Facility that same day arrived but were approved.

Dkt. #88. Thereafter on June 28, 2010, defendants' counsel filed a Reply Affidavit concerning the outstanding document demands and defendants' motion to compel. Dkt. #93. Specifically, defendants' counsel states,

> It bears noting that plaintiff still has yet to provide defendants with any documents responsive to our demands, other than those documents provided to the Court for *in camera* review (however, those documents sent to the Court were responsive to defendants' interrogatory demands to plaintiff, and not the document demands). . . . Based on plaintiff's failure to provide defendants with documents or an affirmative statement that he has none as requested it is respectfully submitted that plaintiff should be precluded from providing any documentary evidence in support of his claim as to any items responsive to defendants' unanswered demands, including grievances and request or complaint forms filed at the Niagara County Jail.

Dkt. #93, ¶¶ 4 and 15.

## **DISCUSSION AND ANALYSIS**

**Document Demand No. 1**

In document demand number 1, defendants seek "each and every grievance form filed at the Niagara County Jail from 2007 to present, along with any facility responses and/or appeals and responses thereto." Dkt. #23. A comprehensive review of all plaintiff's responses and submissions to the Court reveals that while he seemingly admits that he was unsuccessful in filing timely grievances, plaintiff did attempt to file grievances. Dkt. ##53 and 61. Specifically, plaintiff described in detail that he filed late grievances and that he did not receive responses to his grievances. Dkt. #61. Notwithstanding the foregoing, plaintiff references (and in one instance attaches a copy of letter, Dkt. #53, p.5) responses that he received in response to his grievances. *See* Dkt. #61. In a later filed document, defendant states in part, "there are no grievances, but there are some Documents." Dkt. #88.

Based on the representations made by the plaintiff concerning the filing of late grievances and responses thereto, plaintiff is hereby directed to supply counsel for defendants with copies of any and all grievances relating to the allegations in plaintiff's Second Amended Complaint. In addition, plaintiff is also directed to supply counsel for defendants with copies of any responses he received to his grievances. Plaintiff's failure to comply with this Order directing that copies of all grievances and responses thereto be provided counsel for the defendants may result in plaintiff being precluded from relying on such documents in subsequent proceedings in this case. Insofar as

plaintiff is proceeding *pro se*, counsel for the defendants are reminded that the most expeditious way to obtain copies of the requested documents is through a request to the Niagara County Jail. For the foregoing reasons, defendants' motion to preclude is denied and defendants' motion to compel is granted.

**Document Demand No. 2**

By this document demand defendants seek "any and all request forms filed at the Niagara County Jail from 2007 to present, including any requests for medical treatment." Dkt. #23. The Court agrees with plaintiff that most, if not all, of the requested documents would be maintained by the Niagara County Jail Medical Department in plaintiff's medical file. As set forth above, plaintiff has indicated and defendants have agreed that the issue of properly executed medical authorizations has been resolved. Accordingly, defendants are directed to obtain copies of plaintiff's requests for medical treatment using the medical authorizations supplied by plaintiff. Moreover, the Court reminds counsel for the defendants that to the extent any medical records are sought to be used as evidence in further proceedings, the Court will rely only on those records supplied by the treating facility. For the foregoing reasons, defendants' motion to preclude is denied as moot and defendants' motion to compel is denied as moot.

**Document Demand Nos. 3, 4, 5, 6 and 7**

As noted above, the issue concerning properly executed medical authorizations has been resolved and counsel for the defendants have been provided with the requested medical authorizations so as to obtain copies of plaintiff's medical and mental health records. In his responses to defendants' document demands 3, 4 and 5, plaintiff advised defendants where his prescriptions were filled and where he received medical and mental health treatment. Dkt. ##34 and 37. Defendants are again reminded that only those records obtained from a treating facility will be admissible for purposes of proceedings before this Court. Similarly, with respect to document demands 6 and 7, plaintiff supplied defendants with the names of the treating facilities (Dkt. ##34 and 37), as well as, fully executed authorizations. For the foregoing reasons, defendants' motion to preclude is denied as moot and defendants' motion to compel is denied as moot.

**Document Demand No. 8**

As noted above, on March 30, 2010, the Court held a lengthy status conference with the plaintiff (by telephone) and counsel for the defendants. During the status conference the issue of the relevance of the plaintiff's criminal history was discussed, as well as the issue of defendants' request for "any records related to plaintiff's claimed employment by the United States government, its agencies, divisions or departments." Dkt. #23. Prior to the March 30, 2010 status conference, plaintiff had submitted to the Court documents he wished to have sealed. Included among those

documents were documents relating to plaintiff's criminal convictions (criminal history), as well as documents that the plaintiff described as relating to his cooperation (employment) with the United States government. The Court advised the parties that it would review the documents submitted by the plaintiff for filing under seal and would provide counsel for the defendants with copies of any documents relating only to plaintiff's criminal convictions.

> On April 30, 2010, the Court issued the following Text Order,
>
> Whereas on or about February 18, 2010, plaintiff, Norman Sonberg, submitted to this Court a package of documents he sought to have filed under seal and after discussion between the parties and the Court during the March 30, 2010 Status Conference about those documents and the possibility of some of the documents being responsive to defendants' outstanding discovery demands, this Court directed that a review of the documents be undertaken by the Court and further, that any documents reflecting the plaintiff's criminal history were to be provided to counsel for the defendants. The Court has undertaken such a review of the documents submitted by plaintiff and has determined that the attached documents, which reflect the plaintiff's criminal history, are responsive to the pending discovery requests and are hereby being supplied to counsel for the defendants. The Court notes that the attached documents have been redacted by the Court to remove any personally identifying information of the plaintiff, including date of birth and Social Security number. It is hereby ordered that the balance of the documents submitted by plaintiff on or about February 18, 2010 are to be filed under seal. The Clerk of Court is hereby directed to file such documents under seal. SO ORDERED.

Dkt. #81. As part of its review of the documents submitted by plaintiff for filing under seal, the Court considered those documents and records that plaintiff characterized as relating to his cooperation (employment) with the United States government and

concluded that those documents were not relevant and should not be disclosed to counsel for the defendants. Thereafter, as directed, the Clerk of Court electronically filed the remaining documents under seal. Dkt. #85. For the foregoing reasons, this Court concludes that defendants are not entitled to "any records related to plaintiff's claimed employment by the United States government, its agencies, divisions or departments" insofar as those documents are not relevant. Accordingly, defendants' motion to preclude is denied and defendants' motion to compel is denied.

**Document Demand No. 9**

Defendants' document demand number 9 requests "any records related to plaintiff's claim that the nursing staff 'bailed out' plaintiff from the jail." Dkt. #23. In his initial response to defendants' document demands, plaintiff states "clarification, not jail staff, nurses." Dkt. #34, p.6. In his supplemental response to defendants' document demands (Dkt. #37), plaintiff again states, "not jail staff nurses." Dkt. #37, p.13. Accordingly, based on the representations made by plaintiff in his responses to defendants' document demand number 9, defendants' motion to preclude is denied as moot and defendants' motion to compel is denied as moot.

## CONCLUSION

For the foregoing reasons, defendants' Motion to Compel (Dkt. #48) is granted in part and denied in part as set forth above.

**SO ORDERED.**

DATED:    Buffalo, New York
          July 30, 2010

                              *s/ H. Kenneth Schroeder, Jr.*
                              **H. KENNETH SCHROEDER, JR.**
                              **United States Magistrate Judge**