UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NORMAN SONBERG,

      **Plaintiff,**

    -v-              08-CV-0364S(Sr)

**NIAGARA COUNTY JAIL**
**MEDICAL DEPARTMENT HEAD, et al.,**

      **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters. Dkt. #15.

Plaintiff filed this *pro se* action on or about May 19, 2008 seeking relief pursuant to 42 U.S.C. § 1983. Dkt. #1. Since that time, plaintiff has filed an Amended Complaint (Dkt. #21) and a Second Amended Complaint (Dkt. #52). Simply stated, in his Second Amended Complaint, plaintiff alleges that while housed in the Niagara County Jail, defendants, the Niagara County Jail, the Niagara County Jail Medical Department and the individual defendants, were deliberately indifferent to his serious medical and psychological needs. Dkt. #52. Presently pending before this Court is a motion by defendants Thomas Beilein, Rebecca Mahar, Pat Rotko, Glenda McArthur, Lisa Devereaux, Jeremy Johnson, James Hilson, Sr., Sandi Martin, Jonathan Wilt, Officer Colliver, Edward Cirrito, Russell Goeseke, Christian Granto, Robert Bucholtz, Scott Mendola, Steven Frerichs, Aaron Livergood, Officer Gonzales, Kyle Yousett,

Donald Carpenter, Officer Schiavitt, David Meisenburg, Thomas Shanley, Officer Colton, Ben Phillips, Michael Logan, Officer Langdon, Jonathan Saxton, Captain Vendetta, Captain Stayzer, Sergeant Kolbe, Sergeant Stickney, Tammy Williams, Christopher Wilson, Officer Giles, Sergeant Greenwald, and Gary Zalewski (hereinafter "the Niagara County Jail defendants") to preclude plaintiff from offering proof at trial as to "any matters contained in defendants' unanswered interrogatories, unanswered document demands." Dkt. #66. Alternatively, defendants seek an Order compelling plaintiff to answer unanswered or incompletely answered demands (document demands and interrogatories). *Id*. As a threshold matter, the Court notes that by letter to the Court dated May 13, 2010, counsel for the Niagara County Jail defendants advised the Court that the issues concerning their request for medical authorizations and responses to interrogatories have been resolved. Accordingly, this Court will only address the relief requested by the Niagara County Jail defendants insofar as it relates to defendants' Rule 34 Document Demands.

## **FACTS**[1]

On or about March 14, 2008, plaintiff was sentenced to a term of imprisonment in the New York State Department of Correctional Services and was transferred to the Niagara County Jail. Dkt. #52, p.9, ¶¶ 1-2. Plaintiff alleges that prior to being incarcerated at the Niagara County Jail and while awaiting trial "as a pre-trial detainee," he was receiving treatment for "serious medical and mental health

---

[1] The facts set forth herein are taken from plaintiff's Second Amended Complaint. Dkt. #52.

conditions." *Id*. at p.9, ¶ 3. As plaintiff was being processed at the Niagara County Jail, he alleges that he was assured that his medical records would be hand delivered to the Niagara County Jail Medical Department. *Id*. at p.10, ¶ 5. After plaintiff was processed, he alleges that he requested to see the nurse on duty and further, plaintiff alleges that he advised the staff at the Niagara County Jail that he had not taken his medication since March 13, 2008 because he had court. *Id*. at p.13, ¶ 5. Moreover, plaintiff alleges that he complained that he was in severe pain. *Id*.

Plaintiff alleges that he continued his requests for medical attention and to receive his medication the following day. *Id*. at pp.15-17. Mentioned throughout plaintiff's Second Amended Complaint are vague references to plaintiff's "serious medical and mental health conditions" and the medications he claimed to be taking, including, morphine, an anti-depressant, an inhaler, and heart medication. *Id*. at pp.16.-17. Plaintiff alleges that on March 16, 2008, after not receiving any medical attention or his medication for over two days, he asked to be taken to the emergency room because he was suffering from severe chest pains. *Id*. at p.17. Thereafter, plaintiff alleges that he was advised that he would see the doctor on March 18, 2008. *Id*. at p.18. It appears from the allegations in plaintiff's complaint that some time between March 18, 2008 and March 19, 2008, plaintiff attempted to commit suicide and was found with his shoelaces around his neck. *Id*. at p.19.

Elsewhere in his Second Amended Complaint, plaintiff discusses some of his medical conditions and the treatment he had received at the "Veterans Administration Hospital [sic]." Dkt. #52, p.27. Specifically, plaintiff states that he was being treated for Hepatitis C, a heart attack, high blood pressure, depression, pulmonary disease and hypertension. *Id*. Moreover, plaintiff alleges,

> [a]s a direct results [sic] of defendants [sic] deprivations, this plaintiff [sic] condition has worsen [sic], that he needs a liver transplant, his health has become so unpredictable, hospitalized in (4) different correctional facilities, that he is in constant pain and nearly bed-ridden, who must use a cane to get around.

*Id*.

## **PROCEDURAL BACKGROUND**

On or about January 22, 2010, the Niagara County Jail defendants served Rule 34 Document Demands (Dkt. #51) and Interrogatories (Dkt. #50) on plaintiff. On or about February 25, 2010, plaintiff filed his response to defendants' Rule 34 Document Demands and Interrogatories. Dkt. #54. In their Rule 34 Document Demands, defendants seek the following ten categories of documents:

> 1. "each and every grievance form filed with the Niagara County Jail and the New York State Commission of Corrections from 2004 to present."
>
> 2. "any and all request forms and/or sick call slips filed at the Niagara County Jail from 2004 through present."
>
> 3. "any and all prescriptions filled by the plaintiff prior to entering the Niagara County Jail in the twelve months prior to February 2007."

4. "any and all prescriptions filled by the plaintiff prior to entering the Niagara County Jail in the twelve months prior to March 2008."

5. "any records related to plaintiff's treatment at the Veteran's Administration [sic]."

6. "any records related to plaintiff's medical or psychiatric treatment from 2004 through present."

7. "any records in plaintiff's possession related to plaintiff's psychiatric treatment following his suicide attempt on March 19, 2008."

8. "any records regarding treatment plaintiff has received following his release from the Niagara County Jail in March 2008."

9. "any records related to plaintiff's claimed employment by the United States government, its agencies, divisions or departments."

10. "any records related to plaintiff's claim that the nursing staff 'bailed out' plaintiff from jail."

Dkt. #51. Plaintiff responded to defendants' Rule 34 Document Demands as follows:

1. "Plaintiff had sent all grievances [sic] documents already to Roach, Brown, McCarthy -n- Gruber P.C. The District Court, Western District of New York and to The Long Firm, with Affidavit of Service and certified/affidavit of service to Western District Courts."

2. "Plaintiff has notes and some copies in personal storage in civilian property no excess [sic] at this time they are the same copies on record at Niagara County Jail Medical Dept. From 2007 (no complaints 2007)."

3. "Plaintiff signed medical and psychological (HIPPA) releases to both defendants Attorney's [sic] The Long Firm, Roach, Brown, McCarthy -n- Gruber P.C. already, All medication are in fact from V.A. Hospital only at that time."

4. "Niagara County Jail Medical Department and V.A. Hospital and is all documented in their records."

> 5. "Only V.A. Hospital records released [sic] signed (HIPPA)."
>
> 6. "Plaintiff has released all medical and psychological records, 'entirely'!"
>
> 7. "Plaintiffs signed releases from all New York Correctional Facilities of Medical and psychological records, Plaintiff says he never attempted suicide, Niagara County Jail/Niagara County Jail Medical Department" says this plaintiff does not remember and Plaintiff does not understand what happened March 19th 2008."
>
> 8. "Releases signed, New York Department of Corrections releases."
>
> 9. "Letter inclosed [sic] dated Feb 15th 2010."
>
> 10. "Plaintiff 'clarified' No Nurses from Jail."

Dkt. #54.

On or about February 12, 2010, counsel for the Niagara County Jail defendants wrote to plaintiff concerning his responses to defendants' document demands. Dkt. #66-10. Preliminarily, counsel for the Niagara County Jail defendants notes that plaintiff "failed to respond to our . . . FRCP Rule 34 Document Demands." *Id*. at p.1. In their Motion to Compel, the Niagara County Jail defendants state,

> 21. With respect to these defendants' document demands, plaintiff failed to provide almost any documents demanded (Exhibit G)
>
> 22. The requested items include sick/call clips; medical and psychological records; prescription records and employment records.
>
> 23. It is respectfully submitted that plaintiff should be compelled to provide appropriate responses, or he be precluded from offering proof at time of trial as to any

matters contained in defendants' unanswered document demands. These records all have some relevance or could lead to relevant evidence in a case based upon plaintiff's alleged denial of medical and mental health care.

Dkt. #66, pp.10-11.

On or about March 5, 2010, plaintiff filed a document entitled "Plaintiffs Exhausted Remedies," wherein he states in part,

> Plaintiff has exhausted all available remedies, on June 26th 2008, Niagara County Jail/Niagara County Jail Medical Department had failed to respond to plaintiff's grievances and again failed to respond on Step [sic] 30th 2009. New York State Commissions of Corrections did respond to plaintiff with a Letter dated Nov. 5th 2009 "denying" plaintiff that there was nothing they could do. "Note" Former Sheriff of Niagara County Jail Thomas Beilein and Thomas Beilein now chairperson (cheif [sic]) of New York State Health Commission [sic] of Corrections (Answered) his office.
>
> Plaintiff had no choice but to file late grievances do [sic] to his medical and psychological conditions and being hospitalized and incapacitated. Plaintiff had learned he had to exhaust grievance remdies [sic] threw [sic] literature stating all inmates/prisoners had to exhaust all available remedies, Plaintiff had not received any type of response to his atteps [sic] to exhaust his grievances, because Niagara County Jail, Niagara County Medical Department once again fail to follow procedure intentionally plaintiff believe's [sic], Niagara County Jail/Niagara County Jail Medical Department grievance mailed to "sheriff" Voutour Niagara County Jails new elected sheriff by "certified mail to "sheriff Voutour" himself to make sure grievances #1 and #2 would make it to the proper commitee [sic] of person/persons the only response was my certified signed receipt knowing Niagara County Jail Sheriff did receive it, but still did in fact not respond to grievances, at that time plaintiff did not know or any knowledge of any other steps/procedure to follow. Plaintiff then sent the grievances to New York State Health Commissions of Corrections "denying plaintiff," that they could do nothing, letter from plaintiff Oct. 8th 2009, New York

-7-

> State Health Commissions of Corrections Letter dated Nov.
> 5th 2009 (denying plaintiff) Plaintiff at [sic] time was is [sic]
> without any type of procedure to follow to exhaust Plaintiffs
> [sic] exhaustion remedies, Plaintiff does believe he had done
> all he can and could do in regards to exhausting remedies.

Dkt. #61. In addition to the foregoing factual explanation, plaintiff also cites to several cases concerning his attempts to exhaust his administrative remedies. *Id*.

On March 30, 2010, the Court conducted a lengthy status conference with plaintiff and counsel for the defendants. During this conference, the outstanding motions to compel and other discovery-related issues were discussed. On April 30, 2010, this Court issued a Text Order concerning Docket Number 66 (Motion to Compel filed by the Niagara County Jail defendants). Specifically, the Court directed counsel for the Niagara County Jail defendants to advise the Court, in writing, by May 14, 2010, as to whether there remained outstanding discovery disputes as set forth in the Motion to Compel. In response, counsel for the Niagara County Jail defendants submitted a letter to the undersigned on or about May 13, 2010 stating with respect to the outstanding document demands,

> As to our document demands, plaintiff has only provided us
> with a grievance submission. We still ask that plaintiff
> provide us with copies of the requested documents or an
> affirmative statement from plaintiff indicating that he does
> not have said documents. With regards to demands No.
> 3-8, although plaintiff has provided us with medical
> authorizations, we wish to obtain copies of and [sic] records
> plaintiff has obtained relative to our demands. In regards to
> each and every other demand (Nos. 1, 2, 10), we still desire
> responses from plaintiff.

May 13, 2010 Letter from Robert A. Barnashuk, Esq.

In his response to the May 13, 2010 letter from defendants' counsel, plaintiff states, in pertinent part,

> Plaintiffs [sic], response to Document Demand #1, to Plaintiffs [sic] recollect [sic] there are no grievances, but there are some Documents, and not in his possession at Auburn Correctional Facility, had attempted [sic].
>
> Plaintiffs [sic] response to Document Demand #2 to his recollection of documents refer to No #1 Demand, he says there are documents but has to sort out, and there are volumous [sic] hand written notes pertaining to Medical Department . . .
>
> Plaintiffs [sic], response to Document Demand #10 Document Demand of any records related to plaintiffs claim that the nursing staff "bail out" the plaintiff from Jail. Plaintiff, claraified [sic] that N.F.M.M.C./Niagara Falls Memorial Medical Center, was not nurses by technician, claraification [sic] tecknician [sic] specialist in her field Laurie Reiter Exh G #6 interrogatories Answer and Any Documents relateing [sic] to being "bail out" are not in plaintiffs [sic] possession at Auburn Correctional Facility, Laurie Reiter had made emergency arrangements to get plaintiff, emergency care due to lack of medical care and the where abouts [sic] of Documents relating to "bail out" will have to be inquired. Exhibit G of your motion #6 interrogatory and Exhibit G #10 of Demands, "refer" to, dated February 15, 2010 by Plaintiffs responses to Answers and Demands. . . .
>
> Plaintiff, says on January, 7th, 2010, documents arrived, unknown what documents were here on 1/7/10, because they were returned to sender that same day 1/7/10, for unknown resons [sic] to him.

Dkt. #89.

## DISCUSSION AND ANALYSIS

**Document Demand No. 1**

In document demand number 1, defendants seek "each and every grievance form filed with the Niagara County Jail and the New York State Commission of Corrections from 2004 to present." Dkt. #51. In his May 13, 2010 letter to the Court, counsel for the Niagara County Jail defendants states in part that, "[a]s to our document demands, plaintiff has only provided us with a grievance submission." In addition, a comprehensive review of all plaintiff's responses and submissions to the Court reveals that while he seemingly admits that he was unsuccessful in filing timely grievances, plaintiff did attempt to file grievances. Dkt. ##53 and 61. Specifically, plaintiff described in detail that he filed late grievances and that he did not receive responses to his grievances. Dkt. #61. In a later filed document, defendant states in part, "there are no grievances, but there are some Documents." Dkt. #89.

Based on the representations made by the plaintiff concerning the filing of late grievances and responses thereto, plaintiff is hereby directed to supply counsel for defendants with copies of any and all grievances relating to the allegations in plaintiff's Second Amended Complaint. In addition, plaintiff is also directed to supply counsel for defendants with copies of any responses he received to his grievances. Plaintiff's failure to comply with this Order directing that copies of all grievances and responses thereto be provided counsel for the defendants may result in plaintiff being precluded from relying on such documents in subsequent proceedings in this case. Insofar as

plaintiff is proceeding *pro se*, counsel for the defendants are reminded that the most expeditious way to obtain copies of the requested documents is through a request to the Niagara County Jail. For the foregoing reasons, defendants' motion to preclude is denied and defendants' motion to compel is granted.

**Document Demand No. 2**

By this document demand, defendants seek "any and all request forms and/or sick call slips filed at the Niagara County Jail from 2004 through present." Dkt. #51. The Court agrees with plaintiff that most, if not all, of the requested documents would be maintained by the Niagara County Jail Medical Department in plaintiff's medical file. As set forth above, plaintiff has indicated and defendants have agreed that the issue of properly executed medical authorizations has been resolved. Accordingly, defendants are directed to obtain copies of plaintiff's requests for medical treatment using the medical authorizations supplied by plaintiff. Moreover, the Court reminds counsel for the defendants that to the extent any medical records are sought to be used as evidence in further proceedings, the Court will rely only on those records supplied by a treating facility. For the foregoing reasons, defendants' motion to preclude is denied as moot and defendants' motion to compel is denied as moot.

**Document Demand Nos. 3 through 8**

By document demands 3 through 8, the Niagara County Jail defendants seek the disclosure of any and all documents relating to plaintiff's prescriptions, and

medical and psychiatric treatment. Specifically, the document demands state as follows:

> 3. "any and all prescriptions filled by the plaintiff prior to entering the Niagara County Jail in the twelve months prior to February 2007."
>
> 4. "any and all prescriptions filled by the plaintiff prior to entering the Niagara County Jail in the twelve months prior to March 2008."
>
> 5. "any records related to plaintiff's treatment at the Veteran's Administration [sic]."
>
> 6. "any records related to plaintiff's medical or psychiatric treatment from 2004 through present."
>
> 7. "any records in plaintiff's possession related to plaintiff's psychiatric treatment following his suicide attempt on March 19, 2008."
>
> 8. "any records regarding treatment plaintiff has received following his release from the Niagara County Jail in March 2008."

Dkt. #51.

As noted above, the issue concerning properly executed medical authorizations has been resolved and counsel for the defendants have been provided with the requested medical authorizations so as to obtain copies of plaintiff's medical and mental health records. In his responses to defendants' document demands 3 through 8, plaintiff states that he has provided the requested medical authorizations and further advised where he received medical and mental heath treatment. With respect to the Niagara County Jail defendants' document demand 7, plaintiff states that, "her [sic] never attempted suicide, Niagara County Jail/Niagara County Jail Medical Department

'says this plaintiff does not remember and Plaintiff does not understand what happened March 19th 2008." Dkt. #54. Defendants are again reminded that only those records obtained from a treating facility will be admissible for purposes of proceedings before this Court. For the foregoing reasons, defendants' motion to preclude is denied as moot and defendants' motion to compel is denied as moot.

**Document Demand No. 9**

As noted above, on March 30, 2010, the Court held a lengthy status conference with the plaintiff (by telephone) and counsel for the defendants. During the status conference the issue of the relevance of the plaintiff's criminal history was discussed, as well as the issue of defendants' request for "any records related to plaintiff's claimed employment by the United States government, its agencies, divisions or departments." Dkt. #51. Prior to the March 30, 2010 status conference, plaintiff had submitted to the Court documents he wished to have sealed. Included among those documents were documents relating to plaintiff's criminal convictions (criminal history), as well as documents that the plaintiff described as relating to his cooperation (employment) with the United States government. The Court advised the parties that it would review the documents submitted by the plaintiff for filing under seal and would provide counsel for the defendants with copies of any documents relating to plaintiff's criminal convictions.

> On April 30, 2010, the Court issued the following Text Order,
>
>> Whereas on or about February 18, 2010, plaintiff, Norman Sonberg, submitted to this Court a package of documents he sought to have filed under seal and after discussion between the parties and the Court during the March 30, 2010 Status Conference about those documents and the possibility of some of the documents being responsive to defendants' outstanding discovery demands, this Court directed that a review of the documents be undertaken by the Court and further, that any documents reflecting the plaintiff's criminal history were to be provided to counsel for the defendants. The Court has undertaken such a review of the documents submitted by plaintiff and has determined that the attached documents, which reflect the plaintiff's criminal history, are responsive to the pending discovery requests and are hereby being supplied to counsel for the defendants. The Court notes that the attached documents have been redacted by the Court to remove any personally identifying information of the plaintiff, including date of birth and Social Security number. It is hereby ordered that the balance of the documents submitted by plaintiff on or about February 18, 2010 are to be filed under seal. The Clerk of Court is hereby directed to file such documents under seal. SO ORDERED.

Dkt. #81. As part of its review of the documents submitted by plaintiff for filing under seal, the Court considered those documents and records that plaintiff characterized as relating to his cooperation (employment) with the United States government and concluded that those documents were not relevant and should not be disclosed to counsel for the defendants. Thereafter, as directed, the Clerk of Court electronically filed the remaining documents under seal. Dkt. #85. For the foregoing reasons, this Court concludes that defendants are not entitled to "any records related to plaintiff's claimed employment by the United States government, its agencies, divisions or departments" insofar as those documents are not relevant. Accordingly, defendants' motion to preclude is denied and defendants' motion or compel is denied.

**Document Demand No. 10**

Defendants' document demand 10 requests "any records related to plaintiff's claim that the nursing staff 'bailed out' plaintiff from jail." Dkt. #51. In his initial response to defendants' document demands, plaintiff states "Plaintiff 'clarified' No Nurses from Jail." Dkt. #54. Thereafter, in a subsequent response, plaintiff further explained,

> Plaintiffs [sic], response to Document Demand #10
> Document Demand of any records related to plaintiffs [sic] claim that the nursing staff "bail out" the plaintiff from Jail. Plaintiff, claraified [sic] that N.F.M.M.C./Niagara Falls Memorial Medical Center, was not nurses by technician, claraification [sic] tecknician [sic] specialist in her field Laurie Reiter Exh G #6 interrogatories Answer and Any Documents relateing [sic] to being "bail out" are not in plaintiffs [sic] possession at Auburn Correctional Facility, Laurie Reiter had made emergency arrangements to get plaintiff, emergency care due to lack of medical care and the where abouts [sic] of Documents relating to "bail out" will have to be inquired. Exhibit G of your motion #6 interrogatory and Exhibit G #10 of Demands, "refer" to, dated February 15, 2010 by Plaintiffs responses to Answers and Demands. . . .

Dkt. #89. Accordingly, based on the representations made by plaintiff in his responses to defendants' document demand number 10, defendants' motion to preclude is denied as moot and defendants' motion to compel is denied as moot.

## CONCLUSION

For the foregoing reasons, defendants' Motion to Compel (Dkt. #66) is granted in part and denied in part as set forth above.

**SO ORDERED.**

DATED:   Buffalo, New York
         July 30, 2010

                                            *s/ H. Kenneth Schroeder, Jr.*
                                            **H. KENNETH SCHROEDER, JR.**
                                            **United States Magistrate Judge**