UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NORMAN SONBERG,

                **Plaintiff,**

        -v-                                                    08-CV-0364S(Sr)

NIAGARA COUNTY JAIL
MEDICAL DEPARTMENT HEAD, et al.,

                **Defendants.**

---

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #162.

Plaintiff filed this *pro se* action on or about May 19, 2008 seeking relief pursuant to 42 U.S.C. § 1983. Dkt. #1. Since that time, plaintiff has filed an Amended Complaint (Dkt. #21) and a Second Amended Complaint (Dkt. #52). Simply stated, in his Second Amended Complaint, plaintiff alleges that while housed in the Niagara County Jail, defendants, the Niagara County Jail, the Niagara County Jail Medical Department and the individual defendants, were deliberately indifferent to his serious medical and psychological needs. Dkt. #52. Presently pending before this Court are two motions to compel filed by plaintiff. Dkt. ##134 and 144. Defendants filed opposition to the first-filed motion to compel (Dkt. #134). Dkt. ##139 and 141. By these motions, plaintiff reiterates his demand for the disclosure of videotapes, audiotapes,

computer data, "log registries," notes, phone records, qualifications of all Niagara County Jail medical and mental health staff and all complaints and disciplinary reports relating to all named defendants. *See* Dkt. #134. In addition, plaintiff seeks to amend his previous document demands. For the following reasons, plaintiff's motions to compel are denied.

## **FACTS**[1]

On or about March 14, 2008, plaintiff was sentenced to a term of imprisonment in the New York State Department of Correctional Services and was transferred to the Niagara County Jail. Dkt. #52, p.9, ¶¶ 1-2. Plaintiff alleges that prior to being incarcerated at the Niagara County Jail and while awaiting trial "as a pre-trial detainee," he was receiving treatment for "serious medical and mental health conditions." *Id*. at p.9, ¶ 3. As plaintiff was being processed at the Niagara County Jail, he alleges that he was assured that his medical records would be hand delivered to the Niagara County Jail Medical Department. *Id*. at p.10, ¶ 5. After plaintiff was processed, he alleges that he requested to see the nurse on duty and further, plaintiff alleges that he advised the staff at the Niagara County Jail that he had not taken his medication since March 13, 2008 because he had court. *Id*. at p.13, ¶ 5. Moreover, plaintiff alleges that he complained that he was in severe pain. *Id*.

---

[1] The facts set forth herein are taken from plaintiff's Second Amended Complaint (Dkt. #52) and the instant motions to compel (Dkt. ##134 and 144).

Plaintiff alleges that he continued his requests for medical attention and to receive his medication the following day. *Id*. at pp.15-17. Mentioned throughout plaintiff's Second Amended Complaint are vague references to plaintiff's "serious medical and mental health conditions" and the medications he claimed to be taking, including, morphine, an anti-depressant, an inhaler, and heart medication. *Id*. at pp.16 - 17. Plaintiff alleges that on March 16, 2008, after not receiving any medical attention or his medication for over two days, he asked to be taken to the emergency room because he was suffering from severe chest pains. *Id*. at p.17. Thereafter, plaintiff alleges that he was advised that he would see the doctor on March 18, 2008. *Id*. at p.18. It appears from the allegations in plaintiff's complaint that some time between March 18, 2008 and March 19, 2008, plaintiff attempted to commit suicide and was found with his shoelaces around his neck. *Id*. at p.19.

Elsewhere in his Second Amended Complaint, plaintiff discusses some of his medical conditions and the treatment he had received at the "Veterans Administration Hospital [sic]." Dkt. #52, p.27. Specifically, plaintiff states that he was being treated for Hepatitis C, a heart attack, high blood pressure, depression, pulmonary disease and hypertension. *Id*. Moreover, plaintiff alleges,

> [a]s a direct results [sic] of defendants [sic] deprivations, this plaintiff [sic] condition has worsen [sic], that he needs a liver transplant, his health has become so unpredictable, hospitalized in (4) different correctional facilities, that he is in constant pain and nearly bed-ridden, who must use a cane to get around.

*Id*.

As set forth in his first-filed motion to compel (Dkt. #134), plaintiff requests the following documents and things:

1. "the video tapes (cammera [sic] tapes) of the Booking Area/Intake Area, including any Audio tapes (sound), for the day of March 14th 2008 from 7:00 AM straight through to 6:00 PM (non stop) and be 'original' and authentic (no copy)."

2. "all computer data that pertains to plaintiff, Norman C. Sonberg, on that day March 14th and straight through to the 25th of March 2008 from Booking Area/Intake Area, not limited and to include all log registries for that day March 14th 2008 and be original log registry, authentic 'no copy.'"

3. "all video cammera [sic] tapes and audio sound tapes of main control booth located in newer part of jail" for the period March 14-25, 2008.

4. "all video cammera [sic] tapes and audio sound tapes from older part of Niagara County Jail" for the period March 14-25, 2008.

5. "all log registries from Niagara County Jail Medical Department Corrections Officers, hand written observation notes, and all tour officers (supervisors) log registries and all handwritten notes pertaining to plaintiff" for the period March 14-25, 2008.

6. "all computer data that pertains to plaintiff, Norman C. Sonberg that is in Medical Department of Niagara County Jail" for the period March 14-25, 2008.

7. "all observation notes, handwritten notes that pertains to plaintiff, Norman C. Sonberg, and all log registries of Niagara County Jail Medical staff, including but not limited to all telephone communications" for the period March 14-25, 2008.

8. "identify by name the person/persons who had communicated with Lockport Memorial Hospital on and for follow up procedures upon return to N.C.J.

> from hospital for plaintiff well being and safety" for
> March 19, 2008.
>
> 9. "all video cammera [sic] tapes, audio tapes from the
> Niagara County Jail Medical Department" for the
> period March 14-25, 2008.
>
> 10. "qualification certificates, training and refreshing [sic]
> courses on all medical and mental health staff of
> named defendants, 'nurses,' Becky Mahar, Pat
> Rotko, Glenda McArthur, Lisa Deveraux, Jeremy
> Johnson, and James Hilson, Sr."
>
> 11. "all complaints, claims, disciplinary reports of all
> named defendants in his § 1983 claim, and all the
> outcome results of each complaint, claim and
> disciplinary issues/incident and 'any' other reports."

Dkt. #134. As a threshold matter, defendants Christopher M. Aikin, N.P. and James E. Hohensee, M.D. once again advise plaintiff that they are independent contractors at the Niagara County Jail and therefore, do not have access to any videotapes. Dkt. #141, ¶ 6. In addition, defendants Aiken and Hohensee state that they are not in possession of any videotapes, audiotapes or log registries that may be maintained by the Niagara County Jail. *Id*. at ¶ 18. With respect to phone records and the qualifications of nursing staff, defendants Aiken and Hohensee advise plaintiff to direct those requests to the other defendants. Finally, with respect to the records requested from the Lockport Memorial Hospital, counsel for defendants Aiken and Hohensee supplied plaintiff with a copy of the records they had obtained from Lockport Memorial Hospital. *Id*. at ¶ 20.

In their opposition to plaintiff's motion to compel, the Niagara County Jail and the individual defendants state in response to each request for videotapes and audiotapes, that no such videotapes or audiotapes exist. Dkt. #139, ¶¶ 3, 7, 9, and 14.

With respect to plaintiff's request for log registries, the Niagara County Jail and the individual defendants provided plaintiff with the "Housing and ASR Logs for March 19, 2008; and SHU time card for March 19, 2008." *Id*. at ¶ 4. In addition, with respect to all other log registries, defendants state that they were provided to plaintiff on or about July 19, 2010. *Id*. In response to plaintiff's demands for all computer data, defendants state that "plaintiff's entire IPO file was provided to all parties under Defendant Niagara County's Response to Document Demand of Defendants' Hohensee and Aiken dated July 20, 2010 and filed July 21, 2010." *Id*. at ¶¶ 6, 8, and 11. With respect to the name of the "person/persons who had communicated with Lockport Memorial Hospital . . . from emergency room that day March 19th, 2008," defendants object to that request on the grounds that plaintiff failed to request that information prior to the October 22, 2010 discovery deadline. *Id*. at ¶ 13. Finally, defendants object to plaintiff's request for "all complaints, claims, disciplinary reports of all named defendants" as vague, overly broad and unduly burdensome. *Id*. at ¶ 16.

As set forth in defendants' responses to plaintiff's requests, no such videotapes or audiotapes exist. Based on the representations made by counsel for the defendants that no such videotapes or audiotapes exist, plaintiff's requests are denied as moot. With respect to plaintiff's requests for log registries, in addition to those log registries supplied to plaintiff on or about July 19, 2010, defendants provided plaintiff with "Housing and ASR Logs for March 19, 2008; and SHU time card for March 19, 2008" on or about December 3, 2010. Accordingly, based on the representations made by counsel for the defendants that the requested documents have been provided,

plaintiff's requests are denied as moot. In their response to plaintiff's request for nurse qualifications and training certificates, defendants state that there are no additional documents other than those that were previously provided to plaintiff in or about July 2010. Therefore, based on counsel for the defendants' representation that documents responsive to this request were previously provided and further that no additional documents exist, plaintiff's request is denied as moot.

With respect to plaintiff's requests for computer data, defendants state that plaintiff's "entire IPO file was provided to all parties" in or about July 2010. Accordingly, based on the representation by counsel for the defendants, plaintiff's request is denied as moot. In their response to plaintiff's request for all observation notes and handwritten notes, defendants state that plaintiff's entire IPO file was provided to all parties in or about July 2010. Based on this representation, plaintiff's request is denied as moot. Finally, with respect to plaintiff's request for "all complaints, claims, disciplinary reports of all named defendants," defendants object to this request as vague, overly broad and unduly burdensome. Dkt. #139, ¶ 16. Neither plaintiff's original request nor his motion to compel set forth any explanation concerning the relevance of the requested information. Moreover, to the extent that plaintiff elects to depose any of the defendants or any of the defendants testify at trial, plaintiff may ask the defendants if they were the subject of any complaints, claims or disciplinary reports to the extent permitted by the trial judge. Accordingly, plaintiff's request is denied.

Lastly, plaintiff attempts to amend his prior document requests seeking the following additional documents and information:

> 1. all video cammera [sic] tapes and audio tapes from February 12th 2007 24 hours a day straight through to March 17th 2007.
>
> 2. plaintiff states he was treated for approximately 11 months prior to March 14th 2008, blood test, ultra sounds, and medications, all medications for medical and mental health conditions. Plaintiff request [sic] these video tapes and log registries to prove the 'factual' facts with documentation and with original video cammera [sic] tapes and audio tapes to show the courts.
>
> 3. plaintiff states he was in Medical Department for that time and dates mentioned above approximately 33 days than [sic] plaintiff was moved upstairs in old jail on a block 'specific placement block per jail placement to protect plaintiff health and safety at that time' recommanded [sic] by officer of N.C.J. Plaintiff did do what was order [sic] of him by corrections officials and was a detainee for 11 months in 2007. Plaintiff request all of above mentioned in his amended demands to coordinate with what was requested in original demands on the above mentioned dates . . .

Dkt. #134, pp.5-6. As this Court previously stated in a Text Order filed on February 1, 2011 denying plaintiff's motion for an extension of the discovery deadline,

> discovery in this matter has been ongoing since early 2009 and continued through December 2010. During that time period, defendants have provided a large volume of documents to plaintiff in response to his multiple requests. Moreover, defendants have filed motions for summary judgment and the Court has set a schedule for the filing of plaintiff's opposition to those motions. If after the Court issues its Report and Recommendation on the pending motions for

> summary judgment, there remain discovery
> issues, the Court will consider a request to
> enter a further Case Management Order for
> the continuation of limited discovery.

Dkt. #176. Accordingly, for the foregoing reasons, plaintiff's request to amend his prior discovery requests is denied.

## CONCLUSION

For the foregoing reasons, plaintiff's Motions to Compel (Dkt. ##134 and 144) are denied as set forth above.

**SO ORDERED.**

DATED:   Buffalo, New York
         February 4, 2011

                                        *s/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**